

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TERRELL WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 604-039 |
| | ) | |
| HUGH SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Georgia State Prison in Reidsville, Georgia, commenced the above-styled case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. The matter is now before the Court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. no. 11). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

In his complaint, Plaintiff alleged that Defendants unconstitutionally subjected him to a visual body cavity search on July 23, 2003.[1] (See doc. no. 1). Plaintiff does not

---

[1] Plaintiff refers to the incident as a "manual cavity inspection." However, Plaintiff's description of the search tracks closely with the Supreme Court's definition of a visual cavity search. See Bell v. Wolfish, 441 U.S. 520, 558 (1979)(describing visual cavity search of male inmate as follows, "If the inmate is a male, he must lift his genitals and bend over to spread his buttocks for visual inspection."). In his complaint, Plaintiff alleges that he was "commanded to stoop and operate by [his] hands a search of my rectum and anus." (Compl., p. 5). Plaintiff does not aver that he was actually touched by security personnel at any time

reference other instances of allegedly illegal searches, but he does state that submitting to a cavity search is a prerequisite for "receiv[ing] Recreation Privileges," thus perhaps suggesting that he has been subjected to repeated or ongoing searches.[2] Most significantly, although Plaintiff suggests that his Fourth Amendment Rights have been violated, Plaintiff does not allege in his complaint that he suffered any actual physical injury as a result of the search.

Noting that Plaintiff has not expressly requested injunctive relief or allege a physical injury, Defendants moved to dismiss, arguing that Plaintiff's complaint does not meet the requirements of the Prison Litigation Reform Act ("PLRA"), which "mandates that 'no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." (Doc. no. 12, p. 2 (quoting 42 U.S.C. § 1997e)).

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt from the face of the

---

during this *visual* search procedure.

[2] Moreover, Defendants admit in their answer to the complaint that Plaintiff was subjected to visual cavity searches prior to being granted access to the "recreation yard" while Plaintiff was housed in a "isolation dorm." (Doc. no. 10, p. 3).

2

complaint that the plaintiff can prove no set of facts consistent with the allegation that would entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court must accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).

If, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given a reasonable opportunity to present material made pertinent to such a motion by Rule 56. See Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1532 (11th Cir. 1990). However, as the parties have not presented any matters outside the pleadings which the Court must consider in regard to Defendants' motion to dismiss, this motion need not be converted into a motion for summary judgment.[3] Having clarified the procedural posture of the case, the Court now turns its attention to the merits of Defendants' motion.

## II. DISCUSSION

Defendants claim that Plaintiff's complaint should be dismissed because it requests only monetary damages, and the PLRA does not allow for monetary damages when the prisoner plaintiff has suffered no physical injury. (See doc. no. 12). The PLRA clearly bars any claim for compensatory damages for emotional distress suffered while in custody.

---

[3] The Court is aware that Plaintiff has filed a number of documents, including a motion for leave to amend his complaint, to which Defendants have responded. (See, e.g., doc. nos. 20, 26). However, the Court need not consider these documents in order to address the pending motion to dismiss. Plaintiff's motion to amend his complaint and accompanying filings will be addressed by separate Order.

3

Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003); see also 42 U.S.C. § 1997(e). However, "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, including a violation of the Fourth Amendment, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Hughes, 350 F.3d at 1162 (citation omitted).

Stated another way, nominal damages are an appropriate means of vindicating fundamental constitutional rights such as those secured by the Fourth Amendment, and it is "in keeping with the principle that *pro se* complaints [should] be construed liberally" to read a prisoner's complaint as containing a request for nominal damages even if the prisoner does not request such damages expressly. Wilson v. Moore, 270 F. Supp.2d 1328, 1332 (N.D. Fla. 2003)(citations omitted). Moreover, the PLRA "does not materially thwart actions for declaratory or injunctive relief."[4] Hughes, 350 F.3d at 1162 n.2 (citation omitted).

Here, Plaintiff does not allege that he has suffered any physical injury, but he does assert that his Fourth Amendment right to be free from unreasonable searches has been violated. Therefore, because Plaintiff has not alleged that he suffered any actual physical

---

[4] The Court is aware of Defendants' reliance upon an unpublished case from the Eleventh Circuit, in which a prisoner's First and Fourteenth Amendment claims for monetary damages as a result of emotional injury suffered when prison officials allegedly refused to recognize his religious decision to change his name were deemed barred by § 1997(e). (See Aziyz v. Chatman, No. 02-16295, 2003 WL 21804248 (11th Cir. July 17, 2003), opinion attached by Defendants at doc. no. 13). In Aziyz, the Eleventh Circuit declined to consider whether Aziyz could have brought a claim for nominal damages without offending § 1997(e). (Doc. no. 13, p. 8). However, Aziyz is clearly inapposite. First, Aziyz sought only monetary damages for mental and emotional injury suffered because of an alleged *prior* constitutional violation (the prison officials eventually recognized Aziyz's new name). (Id. at 7). Here, Plaintiff arguably seeks the vindication of his constitutional rights, which he seems to contend are being infringed by *ongoing* searches. More importantly, the Court notes that several months after its decision in Aziyz, the Eleventh Circuit explained in Hughes (discussed supra) that claims for nominal damages were not barred by § 1997(e) and then remanded the case so that the district court could "consider whether Hughes's complaint could be liberally construed to request nominal damages." Hughes, 350 F.3d at 1162 (citation omitted).

4

injury, Plaintiff's claims for compensatory and punitive damages are barred by §1997(e) and fail to state a claim upon which relief may be granted. However, because Plaintiff's complaint should be construed liberally to contain a claim for nominal damages, Plaintiff's entire complaint should not be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for compensatory and punitive damages be **DISMISSED**. Nevertheless, because Plaintiff's complaint should be construed liberally to contain a claim for nominal damages, Plaintiff's entire complaint should not be dismissed. Therefore, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. no. 11).

SO REPORTED and RECOMMENDED this 17th day of November, 2004, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

WARD )

vs ) CASE NUMBER CV604-039

SMITH ) DIVISION STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 11/17/04 , which is part of the official record of this case.

Date of Mailing: 11/17/04

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Joe Howell, Deputy Clerk

Name and Address

CHRISTOPHER TERRELL WARD, EF412546, GA. S.P., 200 GA. HWY. 147, REIDSVILLE, GA 30453
ANDREW M. MAGRUDER, ESQ.
JESSE W. OWEN, ESQ.

[X] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate