**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

MAY 23 PM 3: 20

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CHRISTOPHER TERRELL WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 604-039 |
| ) | |
| HUGH SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Georgia State Prison in Reidsville, Georgia, commenced the above-styled case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. The matter is now before the Court on Defendants' motion to dismiss. (Doc. no. 36). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** and that this case be **DISMISSED** without prejudice.

### I. DISCUSSION

On November 17, 2004, the Court ordered Plaintiff to amend his complaint. (Doc. no. 33). The time in which to do so has long expired, and Plaintiff has not complied with the Court's order nor offered any explanation for his failure to do so. Defendants have moved to dismiss this case pursuant to Local Rule 41.1, citing Plaintiff's obvious failure to prosecute the instant action or to obey the dictates of the Court's order. (Doc. no. 36). Plaintiff has not filed a response; the Court deems the motion unopposed. Loc. R. 7.5.

The Eleventh Circuit has stated that "the district court's power to control its docket

includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny . . . failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c); see also Fed. R. Civ. P. 41(b). Simply put, Plaintiff's actions amount not only to a failure to prosecute this action, but willful disobedience of the Court's order. Accordingly, the instant case should be **DISMISSED**.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, it would be inappropriate to dismiss the instant action with prejudice.

## II. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** and that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 23rd day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Christopher Terrell Ward, Pro-se
Andrew M. Magruder, Esq.
Jesse W. Owen, Esq.

CASE NO: CV604-039
DATE SERVED: May 23, 2005
SERVED BY: Cindy Reynolds CR

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate